**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4283**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JONATHAN A. MELENDEZ,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:10-cr-00114-WDQ-1)

———————

Submitted: December 28, 2012          Decided: January 17, 2013

———————

Before KING, GREGORY, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

William L. Welch, III, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Christopher J. Romano, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following the district court's denial of his motion to suppress evidence seized pursuant to a traffic stop, Jonathan Melendez pled guilty to conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine, 21 U.S.C. § 846 (2006). Melendez was sentenced to 120 months in prison. He now appeals. We affirm.

I

Melendez first challenges the district court's denial of his suppression motion. In considering this claim, "we review the district court's legal determinations de novo and its factual determinations for clear error." United States v. Vaughan, 700 F.3d 705, 709 (4th Cir. 2012).

Using the analytic framework of Terry v. Ohio, 392 U.S. 1 (1968), we determine first whether the officer's actions were justified at the inception of the traffic stop. If they were, we then address "whether the continued stop was sufficiently limited in scope and duration." Vaughan, 700 F.3d at 709 (internal quotation marks omitted).

At the suppression hearing, Maryland State Trooper Jeremiah Gussoni testified that he initiated a traffic stop of Melendez's vehicle because Melendez was traveling seventy-six miles per hour — eleven miles over the posted speed limit — and

2

because he observed Melendez make an unsafe lane change, cutting off a vehicle that Melendez had just passed. Because "[a]s a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred," Whren v. United States, 517 U.S. 806, 810 (1996), we conclude that Gussoni's initial stop of Melendez's vehicle based upon the infractions was reasonable under the Fourth Amendment.

Following a traffic stop, an officer may:

> detain the offending vehicle for as long as it takes to perform the traditional incidents of a routine traffic stop. . . . [The] officer may request a driver's license and vehicle registration, run a computer check, and issue a citation. . . . [O]nce the driver has demonstrated that he is entitled to operate his vehicle, and the police officer has issued the requisite warning or ticket, the driver must be allowed to proceed on his way. . . . If a police officer wants to detain a driver beyond the scope of a routine traffic stop, . . . he must possess a justification for doing so other than the initial traffic violation. . . . Thus, a prolonged automobile stop requires either the driver's consent or a reasonable suspicion that illegal activity is afoot.

United States v. Branch, 537 F.3d 328, 337 (4th Cir. 2008).

Here, eleven minutes elapsed between the initial traffic stop and the discovery of cocaine in the trunk of Melendez's car. We do not consider this length of time unreasonable, especially because Gussoni did not receive the results of a requested license check until after the cocaine was found.

3

Even if the delay was unreasonable, we conclude, based on the totality of the circumstances, that Gussoni had ample reason to suspect that criminal activity was afoot and that, consequently, the extended detention was not unreasonable. Among other things, Gussoni testified that Melendez appeared exceptionally nervous: an artery in his neck was visibly pounding; his breathing was rapid; and his hand trembled as he handed his license and car rental contract to Gussoni. Additionally, the vehicle had a "lived-in" look — its interior was strewn with coffee cups, partially consumed food, snack wrappers, and cigarettes. This signifies to experienced officers such as Gussoni that the vehicle's occupant does not want to leave the vehicle for any reason, often because the vehicle contains money, drugs, or weapons. Further, the car was a "one-way rental," and Melendez was driving from Fort Lauderdale, a known source city for drugs, to New York City, a known destination city for drugs.

Accordingly, we hold that neither the initial traffic stop nor the subsequent detention violated the Fourth Amendment. The motion to suppress was properly denied.

II

Melendez contends that the district court improperly denied him the benefit of the safety valve, which permits a

4

sentence pursuant to the sentencing guidelines range without regard to any statutory minimum sentence. To benefit from the safety valve, the defendant bears the burden of showing that he meets the five requirements set forth in 18 U.S.C. § 3553(f) (2006) and U.S. Sentencing Guidelines § 5C1.2(a) (2011). United States v. Henry, 673 F.3d 285, 292-95 (4th Cir.), cert. denied, 133 S. Ct. 182 (2012). We review the district court's determination concerning eligibility for safety valve relief for clear error. Id. at 292.

It is undisputed that Melendez met the first four requirements. The issue before us is whether he also met the fifth requirement of truthful and complete disclosure. See 18 U.S.C. § 3553(f)(5), USSG § 5C1.2(a)(5). To satisfy this requirement, the defendant must truthfully disclose all information he has "about the offense of conviction and any other crimes that constitute relevant conduct." United States v. Aidoo, 670 F.3d 600, 610 (4th Cir. 2012).

We conclude that the district court did not clearly err in denying Melendez the benefit of the safety valve. Melendez, who claimed to be a truck driver without the $3000 needed to repair his truck, was not forthcoming about the source of $29,000 he sent to the Dominican Republic. Nor was he truthful about the locations of his meetings with Julio, his contact in New York, or his physical descriptions of Julio. He

5

therefore failed to satisfy the requirement that the defendant truthfully disclose all information he has about the offense and relevant conduct.   See USSG § 5C1.2(a)(5); <u>United States v. Aidoo</u>, 670 F.3d at 610.

III

We therefore affirm.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>